UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | 2:08-CR-38 |
| | ) | JUDGE JORDAN |
| TONY A. TRIVETTE | ) | |
| JACK L. TRIVETTE | ) | |
| aka JACKIE TRIVETTE | ) | |
| PHILLIP S. GRAY | ) | |
| CHARLES F. TESTER | ) | |
| JEFF ROGERS | ) | |
| aka JAMES ROGERS | ) | |
| JULIE FRANCISCO | ) | |
| JUAN JOSE CERVANTES-CORONADO | ) | |
| RAUL MADRIGAL-GUTIERREZ | ) | |
| ALMA CARDENAS-PULIDO | ) | |
| ISMAEL ARREGUIN DE LA TORRE | ) | |
| SATURNINO ALCARAZ-MORFIN | ) | |
| ROGER PHILLIPS, SR. | ) | |
| JUSTIN N. FOLLIS | ) | |
| aka NEIL FOLLIS | ) | |
| ROBERT MARK MCPHERSON | ) | |
| aka MARK MCPHERSON | ) | |
| CHRISTIE TAYLOR | ) | |
| aka CHRISTIE MCPHERSON | ) | |

## 3rd SUPERSEDING INDICTMENT

### COUNT 1

The Grand Jury charges that from on or about the month of June, 2004, and continuing to

on or about May 15, 2008, within the Eastern District of Tennessee, and elsewhere, the

defendants, TONY A. TRIVETTE, JACK L. TRIVETTE aka JACKIE TRIVETTE, PHILLIP S.

GRAY, CHARLES F. TESTER, JEFF ROGERS aka JAMES ROGERS, JULIE FRANCISCO,

JUAN JOSE CERVANTES-CORONADO, RAUL MADRIGAL-GUTIERREZ, ALMA

1

CARDENAS-PULIDO, ISMAEL ARREGUIN DE LA TORRE, SATURNINO ALCARAZ-MORFIN, ROGER PHILLIPS, SR., JUSTIN N. FOLLIS aka NEIL FOLLIS, ROBERT MARK MCPHERSON aka MARK MCPHERSON, CHRISTIE TAYLOR aka CHRISTIE MCPHERSON, and other persons known and unknown to the Grand Jury, did knowingly, intentionally, and without authority, combine, conspire, confederate and agree with each other and with diverse others to commit the following offenses against the United States of America: The distribution and possession with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

[21 U.S.C. §§ 846 and 841(b)(1)(A)]

<u>FORFEITURE ALLEGATIONS</u>

The Grand Jury further charges that in committing the felony offense alleged in Count 1, above, which is fully incorporated herein, and upon conviction of the same, the defendants, TONY A. TRIVETTE, JACK L. TRIVETTE aka JACKIE TRIVETTE, JULIE FRANCISCO, RAUL MADRIGAL-GUTIERREZ, ALMA CARDENAS-PULIDO, and ROGER PHILLIPS, SR., pursuant to 21 U.S.C. §853, shall forfeit to the United States any and all property used, and intended to be used, to commit, and to facilitate the commission of a violation of 21 U.S.C. §§846 and 841, and any and all property constituting and derived from any proceeds obtained, directly and indirectly, as a result of a violation of 21 U.S.C. §§ 846 and 841, including, but not limited to the following property:

2

<u>Currency</u> :

     a.     Approximately $36,100 in United States currency seized by the Drug Enforcement Administration on May 2, 2008, from the residence of JACK L. TRIVETTE aka JACKIE TRIVETTE located at 7023 Highway 421, Bristol, Tennessee; and

     b.     Approximately $15,000 in United States currency seized by the Tennessee Highway Patrol and the Drug Enforcement Administration on August 31, 2007, from the person of ALMA CARDENAS-PULIDO, during a traffic stop on Interstate 26 in Washington County, Tennessee.

<u>Real Property</u>:

     a.     All that lot or parcel of land, together with all buildings, improvements, fixtures, attachments and easements, and having a mailing address of **7023 Highway 421, Bristol, Tennessee**, located in the Nineteenth (19th) Civil District of Sullivan County, and being the same property conveyed to Jackie Lee Trivett from Steven Lee Trivett and Peggy Annette Trivett, by Warranty Deed dated April 12, 1996, recorded in Book 378, Page 472, in the Sullivan County, Tennessee Register of Deeds Office, Bristol, Tennessee.

          Defendant JACK L. TRIVETTE aka JACKIE TRIVETTE has an interest in said real property.

     b.     All that lot or parcel of land, together with all buildings, improvements, fixtures, attachments and easements, and having a mailing address of **5142 Highway 421, Bristol, Tennessee**, located in the Twenty-second (22nd) Civil District of Sullivan County, and being the same property conveyed to Tony A. Trivette and Lisa D. Trivette, husband and wife, from Eli William Baines, by Warranty Deed dated November 1, 1994, recorded in Book 357, Page 410, in the Sullivan County, Tennessee Register of Deeds Office, Bristol, Tennessee.

          Defendant TONY A. TRIVETTE has an interest in said real property.

     c.     All that lot or parcel of land, together with all buildings, improvements, fixtures, attachments and easements, and having a mailing address of **6011 Dishner Valley Road, Bristol, Virginia**, located in the Harrison Magisterial District of Washington County, Virginia and being Tract No. 1, containing 2.03 acres, more of less, according to plat entitled "PLAT OF SUBDIVISION EDWARD COLLEY PROPERTY," according to plat prepared by Joe B. Fugate, Jr., LS # 1907, a copy of which is of record in

3

the Washington County, Virginia Circuit Court Clerk's Office in Book 53, at page 24 and to which reference is made for a more accurate description of the property herein conveyed, being the same property conveyed to Shirley Smith, by Edward Colley and Donna Colley, husband and wife, by Deed dated the 15th day of October, 2007 and recorded in the Washington County, Virginia Circuit Court Clerk's Office as Instrument Number 070008297.

Defendant TONY A. TRIVETTE has an interest in said real property.

d.     All that lot or parcel of land, together with all buildings, improvements, fixtures, attachments and easements, and having a mailing address of **318 Four Seasons Drive, Green Mountain, North Carolina 28714**. This property is described as 13.6 acres + or – in the Green Mountain Township, and more fully described as:

Beginning on a sourwood, corner in the Isaac Whitson Tract, and runs thence North 42 East 37 feet; thence North 87 East 297 feet; thence north 76 East 177 feet to a spotted oak in the line of C. Peterson's tract; thence North 15 West 147 feet; North 22 West 200 feet; North 7 West 200 feet; North 11 East 100 feet; North 5 East 114 feet to a poplar in the line of L. Warrick; thence North 58 West 400 feet to some ironwood sprouts, corner of L. Warrick tract; thence South 72 West 42 feet; South 51 West 60 feet to a walnut at the branch and being in the line of the I. Buchanan tract; thence North 71 west 653 feet to a  dogwood; West 190 feet to a locust; North 83 West 300 feet; North 87 West 100 feet; North 69 West 150 feet; North 84 West 150 feet; North 77 West 200 feet; North 83 West 200 feet; North 55 West 100 feet; North 78 West 200 feet; corner of the I. Buchanan tract and in the line of Burt Renfro; thence West 400 feet; North 78 West 70 feet; North 88 West 134 feet to a stake, corner of the Burt Renfro tract; thence South 7 East 284 feet with the line of C. C. Deyton; South 13 East 100 feet; South 7 East 100 feet; South 15 East 192 feet to a stake, corner of the W. J. Renfro tract and C. C. Deyton tract; thence South 77 East 200 feet; South 62 East 209 feet; South 45 East 230 feet; South 57 East 200 feet; South 62 East 100 feet; South 79 East 156 feet; North 87 East 321 feet; South 87 East 125 feet; South 82 East 137 feet; North 58 East 142 feet to a cedar; North 64 East 296 feet to a pine; South 77 East 34 feet; North 60 East 100 feet; North 72 East 100 feet to a rock near the barn; South 38 East 428 feet; South 26 East 83 feet; South 46 East 147 feet; South 58 East 170 feet to the BEGINNING, containing 60.6 acres, more or less.

TITLE REFERENCE: Yancey County Deed Book 115, Page 94.

4

The following described tracts or parcels of land have heretofore been conveyed from the above-described tract:

FIRST TRACT:  A tract conveyed July 23, 1973, by George King and wife, Wanda King, to Harrison McCourry and wife, Bobbie Jean McCourry and Sherill Douglas McCourry and wife, Peggy McCourry, and described as follows:

BEGINNING at a spruce pine on the North bank of Bartlett Branch, a conditional corner made between W. F. Horton and Dock Renfro (now Ivan Whitson's corner); and runs a Southwest course up a ridge a conditional line to a chestnut near the top of said ridge, C. C. Deyton's line; thence Northwest with said line and top of the ridge to an iron stake where the hickory formerly stood, C. C. Deyton's and W. F. Horton's old corner; then with main height of ridge, a North course to a locust standing where the white-oak formerly stood, the old Horton and Bailey corner; thence near East with a ridge with Ellis Renfro's line to a white pine in the line of Garfield Pate; thence with the Pate line to an iron stake where the dogwood formerly stood, the old Horton and Renfro corner; thence a straight line to the BEGINNING, containing 30 acres, more or less.

The Grantors herein reserved unto themselves, their heirs and assigns, the sole, exclusive and perpetual right and easement to take water from the spring on the above described premises and such right is being conveyed by the Grantors herein to the Grantees herein, their heirs and assigns.

TITLE REFERENCE:  Yancey County Deed Book 152, Page 505.

SECOND TRACT:  There has been an easement heretofore conveyed by George King and wife, Wanda King, to Harrison McCourry and wife, Bobbie Jean McCourry, and Sherill Douglas McCourry and wife, Peggy McCourry, their heirs and assigns, which easement was perpetual and was for a right of way for a road 20 feet in width measured 10 feet on each side of the center of the Bartlett Branch Road and its intersection with the Bee Branch Road and running to the lands conveyed by George King and wife, Wanda King to Ivan Whitson and wife, Betty Whitson and thence continuing with the center of said road near a rock marked "x" on the West side of Bartlett Branch, and running with the center of the existing Bartlett Branch Road through the Whitson property; hence continuing with the center of the existing road through other lands of the Grantors herein to the 30 acre tract of Ivan Whitson and wife, Betty Whitson, together with the right to maintain, improve and repair said road and use the same as a means of ingress and egress between the Bee Branch Road and the above-referenced 30 acre tract.

5

TITLE REFERENCE: Yancey County Deed Book 163, Page 429.

THIRD TRACT: Being the lands described in a Deed dated June 18, 1976, from George W. King and wife, Wanda King, to Dock Renfro and wife, Betty Lou Renfro, and described as follows:

Tract One: BEGINNING on a locust and runs up the branch to Thomas Tilley's line; thence a South course with Thomas Tilley's line to a spotted oak on top of main ridge; thence with Isaac Whitson's line to a white oak; thence it is with Chas. Webb's line to his and Thomas Buchanan's corner; thence it is with Thomas Buchanan's line to a poplar; thence a West course in a straight line to the BEGINNING, containing 11 acres, more or less.

Tract Two: BEGINNING on a rock on the East bank of Bartlett Branch, corner between J. Thomas Tilley and Avery Buchanan, and runs a South course up the ridge with Avery Buchanan's line to a maple in Isaac Whitson's line; thence with Isaac Whitson's line to a locust stump; thence down the ridge a conditional line made between J. Thomas Tilley and Roy Tilley to a sourwood; thence a straight line down the ridge through the center of the barn to a planted stone or rock between the barn and a small branch; thence down said branch to Bartlett Branch, Roy Tilley's old line; thence down said branch to the BEGINNING, containing 6 acres, more or less.

AND BEING a portion of the lands described as the First Tract in a Deed dated 29 April, 1964 from George King to George King and wife, Wanda King, recorded in Yancey County Deed Book 133, Page 226.

ALSO CONVEYED to the Grantees, their heirs and assigns, is a perpetual easement and right of way for a road 20 feet in width, measured 10 feet on each side of the center of the Bartlett Branch Road at its intersection with the Bee Branch Road, and running to the above-described lands, together with the right to maintain, improve and repair said road and use the same as a means of ingress and egress between the Bee Branch Road and the above-described tracts.
TITLE REFERENCE: Yancey County Deed Book 164, Page 94.

FOURTH TRACT: The Grantors herein on April 6, 1960, conveyed to the French Broad Electric Membership Corporation an easement which appears of record in Deed Book 124, Page 502, reference to said book and page wherein said easement is registered is hereby made for the full contents thereof.

6

Defendant ROGER PHILLIPS, SR. has an interest in said real property.

e.   All that lot or parcel of land, together with all buildings, improvements, fixtures, attachments and easements, and having a mailing address of **89 Walt Road, Burnsville, North Carolina 28714**, and more particularly described as:

Parcel #1:  .93 acres granted to Roger Phillips from Dale O'Kelley on July 21, 1997 described as .93 acre/Pensacola Township, Yancey County, North Carolina. Recorded in Deed Book 281, Page 122, Yancey County Registry.   Deeded to Lillian D. Phillips; for and during her natural life, remainder to Roger Phillips, Single on September 28, 1999.  Further described as: BEGINNING on a 24-inch locust, the same being the 13th call of Deed Book 281, Page 122, Yancey County Registry and the 7th corner of Deed Book 219, Page 679, Yancey County Registry and running S 80 43 56 E 85.68 feet to a set concrete monument, S 71 32 27 E 12.09 feet to a point in the center of the existing driveway, thence with the existing driveway S 10 54 35 E 14.62 feet, S 10 00 45 W 88.97 feet to Spring House Branch.; thence leaving said driveway and running with Spring House Branch the following courses and distances: S 87 31 37 W 78.75 feet, S 79 09 17 W 44.41 feet, S 54 38 51 W 37.61 feet, S 73 58 15 W 41.29 feet, S 59 50 35 W 62.97 feet, the same being the 6th corner of Deed Book 203, Page 1863, Yancey County Registry; thence leaving said branch and running with the remains of a barbwire fence N 08 46 00 E 98.56 feet to a 6 inch beech, N 00 05 24 E 64.91 feet to a found iron pin , N 11 34 45 W 91.45 feet to the point of BEGINNING,  containing .93 acre, according to a map and plat of survey by Miller and Associates, RLS, L-1445, dated 27 May, 1994 and bearing drawing number 9426-10E.

Parcel #2:  .18 acres granted to Lillian D. Phillips, for and during the term of her natural life, remainder to Roger Phillips on January 10, 2000 by Dale O'Kelley.  Described as .18 acre / Pensacola Township. Recorded in Deed Book 343, Page 733, Yancey County Registry.
Further described as: BEGINNING on a 24-inch Locust, a corner with lands of Lillian and Roger Phillips as described in Deed Book 338, Page 212, and running with a fenceline N 34 19 54 E 107.46 feet to an iron pin set; then a new line of the Grantor a south easterly direction approximately 87 feet to an iron pin; thence a southeast direction 62.00 feet to an iron pin set in the line of lands of Lillian Phillips and Roger Phillips; thence with the Phillips line N 71 32 20 W approximately 38 feet to a concrete monument; N 80 43 56 W 85.68 feet to the point of BEGINNING, containing approximately 0.18 acre.

7

Parcel #3:  .84 acres granted to Lillian D. Phillips, for and during the term of her natural life, remainder to Roger Phillips on February 29, 2000 from Dale O'Kelley described as .84 acre / Pensacola Township. Recorded in Deed Book 345, Pages 708 to 710, Yancey County Registry.

Further described as:  BEGINNING  on a cherry tree the beginning corner of the property of Hamilton Wieland as described in the deed in the office for the Register of Deeds for Yancey County, North Carolina, in the Deed Book 150 at Page 95 and running thence South 44 deg. 22" East 13.22 feet to a point in the center of Spring House Branch near SR 1105 known as Rocky Fork Road in the Charles Wilson Property as described in Deed Book 232 at Page 205 in said register's office running thence with the center of said Branch with the Wilson line South 87 deg. 29' 52" West 22.52 feet to a point; thence South 62 deg. 09' 37" West 52.71 feet to a point; thence South 69 deg. 41' 06" West 91.61 feet to a point; thence South 82 deg. 49' 44"  West 80.30 feet to a point in the center of the existing driveway thence South 87 deg. 31' 37" West 78.75 feet to a point; thence South 79 deg. 09' 17" West 44.41 feet to a point; thence South 54 deg. 38' 51" West 37.61 feet to a point; thence South 73 deg. 58' 15" West  41.29 feet to a point; thence South 59 deg. 50' 35" West 62.97 feet to a point in the sixth corner as shown in deed recorded in register's office to Walter Riddle in Deed Book 203 at Page 183 thence leaving said Branch thence with Riddle's line North 08 deg. 46' 00" East 98.56 feet to a six inch beech thence North 00 deg. 05' 24" East 64.91 feet to an iron pin found thence North 11 deg. 34' 45" West 91.45 feet to a twenty four inch locust the Buster Master's Property as shown in Deed Book 219 at Page 679 is said register's office thence with a barbed wire fence North 37 deg. 19' 54" East (passing an iron pin set at 43.58 feet) 107.46 feet to an iron pin set thence North 65 deg. 37' 30" East 62.32 feet to an iron pin set found thence North 51 deg. 16' 38" East 105.20 feet to the seventh call in the Atkin's Property thence leaving said fence South 44 deg. 44' 22" East 392.51 feet to the point and place of BEGINNING.

BEING the property heretofore described in deed duly recorded in said register's office in Deed Book 94 at Page 601 reference to which is hereby made for a more particular and accurate description.

BEING the property surveyed by Miller and Associates, R.L.S. May 27, 1994, # 9426-01E for Alma McMahan.

CONTAINING  2.58 acres more or less LESS AND EXCEPTING  a .93 acre tract previously conveyed by the Grantor unto the Grantee as recorded in Deed Book 338, Page 212, Yancey County Deed Registry.

LESS AND EXCEPTING approximately 0.18 acres previously conveyed by the Grantor unto the Grantee in Deed Book 343, Page 733, Yancey County Registry

LESS AND EXCEPTING a 0.63 acre tract on which a cemetery is located, as shown on the here-in above referenced survey.

SUBJECT TO the rights of others to use the roadway which accesses the cemetery located on the herein-conveyed property.

Defendant ROGER PHILLIPS, SR. has an interest in said real property.

Vehicles:

a.    One 1969 Chevrolet Camaro, dark blue in color, VIN 123379L506752.

b.    One 1969 Chevrolet Camaro, light blue in color, VIN 123379N670794.

c.    One 1969 Chevrolet Nova, VIN 113279W458035.

d.    One 1955 Chevrolet, VIN C55N014589.

e.    One 2005 Chevrolet SSR Truck, VIN GCES14H75B114711.

f.    One 1956 Chevrolet VIN VB56B100348.

g.    One 2005 Harley Davidson motorcycle  FLHTCSE 2   DOM**,** VIN 1HD1PKE185Y955925.

h.    One 2008 Chevrolet 3500 pick-up truck, VIN 1GCJK33618F171672.

i.    One 2006 Toyota Tacoma 4x4, VIN 5TELU42N46Z169593

By virtue of the commission of the offenses charged in Count 1 above, by the defendants, TONY A. TRIVETTE, JACK L. TRIVETTE aka JACKIE TRIVETTE, JULIE FRANCISCO, RAUL MADRIGAL-GUTIERREZ, ALMA CARDENAS-PULIDO, and ROGER PHILLIPS SR., all right, title, and interest in the above-referenced properties are vested in the United States of America pursuant to 21 U.S.C. §853.

9

If, as the result of any act or omission of the defendants, TONY A. TRIVETTE, JACK L. TRIVETTE aka JACKIE TRIVETTE, JULIE FRANCISCO, RAUL MADRIGAL-GUTIERREZ, ALMA CARDENAS-PULIDO, and ROGER PHILLIPS, SR., any of the property described above, (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to or deposited with a third party; (3) has been placed beyond the jurisdiction of the Court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. §853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

[21 U.S.C. § 846, 841(a)(1), and 21 U.S.C. § 853]

COUNT 2

The Grand Jury further charges that on or about February 7, 2007, in the Eastern District of Tennessee, and elsewhere, the defendants, TONY A. TRIVETTE, CHARLES F. TESTER, JEFF ROGERS aka JAMES ROGERS, and ROGER PHILLIPS, SR., aided and abetted by each other, did knowingly, intentionally, and without authority, attempt to possess with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

[21 U.S.C. §§ 846, 841(b)(1)(A), and 18 U.S.C. § 2]

FORFEITURE ALLEGATIONS

The Grand Jury further charges that in committing the felony offense alleged in Count 2, above, which is fully incorporated herein, and upon conviction of the same, the defendant, ROGER PHILLIPS, SR., pursuant to 21 U.S.C. §853, shall forfeit to the United States any and

all property used, and intended to be used, to commit, and to facilitate the commission of a

violation of 21 U.S.C. §§846 and 841, and any and all property constituting and derived from

any proceeds obtained, directly and indirectly, as a result of a violation of 21 U.S.C. §§ 846 and

841, including, but not limited to the following property:

Real Property:

    a.     All that lot or parcel of land, together with all buildings, improvements, fixtures, attachments and easements, and having a mailing address of **89 Walt Road, Burnsville, North Carolina 28714**, and more particularly described as:

    Parcel #1: .93 acres granted to Roger Phillips from Dale O'Kelley on July 21, 1997 described as .93 acre/Pensacola Township, Yancey County, North Carolina. Recorded in Deed Book 281, Page 122, Yancey County Registry. Deeded to Lillian D. Phillips; for and during her natural life, remainder to Roger Phillips, Single on September 28, 1999. Further described as: BEGINNING on a 24-inch locust, the same being the 13th call of Deed Book 281, Page 122, Yancey County Registry and the 7th corner of Deed Book 219, Page 679, Yancey County Registry and running S 80 43 56 E 85.68 feet to a set concrete monument, S 71 32 27 E 12.09 feet to a point in the center of the existing driveway, thence with the existing driveway S 10 54 35 E 14.62 feet, S 10 00 45 W 88.97 feet to Spring House Branch.; thence leaving said driveway and running with Spring House Branch the following courses and distances: S 87 31 37 W 78.75 feet, S 79 09 17 W 44.41 feet, S 54 38 51 W 37.61 feet, S 73 58 15 W 41.29 feet, S 59 50 35 W 62.97 feet, the same being the 6th corner of Deed Book 203, Page 1863, Yancey County Registry; thence leaving said branch and running with the remains of a barbwire fence N 08 46 00 E 98.56 feet to a 6 inch beech, N 00 05 24 E 64.91 feet to a found iron pin , N 11 34 45 W 91.45 feet to the point of BEGINNING, containing .93 acre, according to a map and plat of survey by Miller and Associates, RLS, L-1445, dated 27 May, 1994 and bearing drawing number 9426-10E.

    Parcel #2: .18 acres granted to Lillian D. Phillips, for and during the term of her natural life, remainder to Roger Phillips on January 10, 2000 by Dale O'Kelley. Described as .18 acre / Pensacola Township. Recorded in Deed Book 343, Page 733, Yancey County Registry.
Further described as: BEGINNING on a 24-inch Locust, a corner with lands of Lillian and Roger Phillips as described in Deed Book 338, Page

212, and running with a fenceline N 34 19 54 E 107.46 feet to an iron pin set; then a new line of the Grantor a south easterly direction approximately 87 feet to an iron pin; thence a southeast direction 62.00 feet to an iron pin set in the line of lands of Lillian Phillips and Roger Phillips; thence with the Phillips line N 71 32 20 W approximately 38 feet to a concrete monument; N 80 43 56 W 85.68 feet to the point of BEGINNING, containing approximately 0.18 acre.

Parcel #3: .84 acres granted to Lillian D. Phillips, for and during the term of her natural life, remainder to Roger Phillips on February 29, 2000 from Dale O'Kelley described as .84 acre / Pensacola Township. Recorded in Deed Book 345, Pages 708 to 710, Yancey County Registry.
Further described as: BEGINNING on a cherry tree the beginning corner of the property of Hamilton Wieland as described in the deed in the office for the Register of Deeds for Yancey County, North Carolina, in the Deed Book 150 at Page 95 and running thence South 44 deg. 22" East 13.22 feet to a point in the center of Spring House Branch near SR 1105 known as Rocky Fork Road in the Charles Wilson Property as described in Deed Book 232 at Page 205 in said register's office running thence with the center of said Branch with the Wilson line South 87 deg. 29' 52" West 22.52 feet to a point; thence South 62 deg. 09' 37" West 52.71 feet to a point; thence South 69 deg. 41' 06" West 91.61 feet to a point; thence South 82 deg. 49' 44" West 80.30 feet to a point in the center of the existing driveway thence South 87 deg. 31' 37" West 78.75 feet to a point; thence South 79 deg. 09' 17" West 44.41 feet to a point; thence South 54 deg. 38' 51" West 37.61 feet to a point; thence South 73 deg. 58' 15" West 41.29 feet to a point; thence South 59 deg. 50' 35" West 62.97 feet to a point in the sixth corner as shown in deed recorded in register's office to Walter Riddle in Deed Book 203 at Page 183 thence leaving said Branch thence with Riddle's line North 08 deg. 46' 00" East 98.56 feet to a six inch beech thence North 00 deg. 05' 24" East 64.91 feet to an iron pin found thence North 11 deg. 34' 45" West 91.45 feet to a twenty four inch locust the Buster Master's Property as shown in Deed Book 219 at Page 679 is said register's office thence with a barbed wire fence North 37 deg. 19' 54" East (passing an iron pin set at 43.58 feet) 107.46 feet to an iron pin set thence North 65 deg. 37' 30" East 62.32 feet to an iron pin set found thence North 51 deg. 16' 38" East 105.20 feet to the seventh call in the Atkin's Property thence leaving said fence South 44 deg. 44' 22" East 392.51 feet to the point and place of BEGINNING.

BEING the property heretofore described in deed duly recorded in said register's office in Deed Book 94 at Page 601 reference to which is hereby made for a more particular and accurate description.

BEING the property surveyed by Miller and Associates, R.L.S. May 27, 1994, # 9426-01E for Alma McMahan.

CONTAINING 2.58 acres more or less LESS AND EXCEPTING a .93 acre tract previously conveyed by the Grantor unto the Grantee as recorded in Deed Book 338, Page 212, Yancey County Deed Registry.

LESS AND EXCEPTING approximately 0.18 acres previously conveyed by the Grantor unto the Grantee in Deed Book 343, Page 733, Yancey County Registry

LESS AND EXCEPTING a 0.63 acre tract on which a cemetery is located, as shown on the here-in above referenced survey.

SUBJECT TO the rights of others to use the roadway which accesses the cemetery located on the herein-conveyed property.

Defendant ROGER PHILLIPS, SR. has an interest in said real property.

By virtue of the commission of the offenses charged in Count 2 above, by the defendant, ROGER PHILLIPS SR., all right, title, and interest in the above-referenced properties are vested in the United States of America pursuant to 21 U.S.C. §853.

If, as the result of any act or omission of the defendant, ROGER PHILLIPS, SR., any of the property described above, (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to or deposited with a third party; (3) has been placed beyond the jurisdiction of the Court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. §853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

[21 U.S.C. §§ 846, 841(a)(1), 18 U.S.C. § 2, and 21 U.S.C. § 853]

<u>COUNT 3</u>

The Grand Jury further charges that from on or about April 30, 2008, and continuing to on or about May 15, 2008, in the Eastern District of Tennessee, and elsewhere, the defendants, TONY A. TRIVETTE, JACK L. TRIVETTE aka JACKIE TRIVETTE, JULIE FRANCISCO, ROBERT MARK MCPHERSON aka MARK MCPHERSON, and CHRISTIE TAYLOR aka CHRISTIE MCPHERSON, aided and abetted by each other, did knowingly, intentionally, and without authority, possess with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§841(a)(1), 841(b)(1)(A), and 18 U.S.C. §2]

<u>FORFEITURE ALLEGATIONS</u>

The Grand Jury further charges that in committing the felony offense alleged in Count 3, above, which is fully incorporated herein, and upon conviction of the same, the defendants, TONY A. TRIVETTE and JACK L. TRIVETTE aka JACKIE TRIVETTE, pursuant to 21 U.S.C. §853, shall forfeit to the United States any and all property used, and intended to be used, to commit, and to facilitate the commission of a violation of 21 U.S.C. § 841, and any and all property constituting and derived from any proceeds obtained, directly and indirectly, as a result of a violation of 21 U.S.C. § 841, including, but not limited to the following property:

<u>Currency</u> :

      a.      Approximately $36,100 in United States currency seized by the Drug Enforcement Administration on May 2, 2008, from the residence of JACK L. TRIVETTE aka JACKIE TRIVETTE located at 7023 Highway 421, Bristol, Tennessee.

14

<u>Real Property</u>:

     a.     All that lot or parcel of land, together with all buildings, improvements, fixtures, attachments and easements, and having a mailing address of **7023 Highway 421, Bristol, Tennessee**, located in the Nineteenth (19th) Civil District of Sullivan County, and being the same property conveyed to Jackie Lee Trivett from Steven Lee Trivett and Peggy Annette Trivett, by Warranty Deed dated April 12, 1996, recorded in Book 378, Page 472, in the Sullivan County, Tennessee Register of Deeds Office, Bristol, Tennessee.

           Defendant JACK L. TRIVETTE aka JACKIE TRIVETTE has an interest in said real property.

     b.     All that lot or parcel of land, together with all buildings, improvements, fixtures, attachments and easements, and having a mailing address of **6011 Dishner Valley Road, Bristol, Virginia**, located in the Harrison Magisterial District of Washington County, Virginia and being Tract No. 1, containing 2.03 acres, more of less, according to plat entitled "PLAT OF SUBDIVISION EDWARD COLLEY PROPERTY," according to plat prepared by Joe B. Fugate, Jr., LS # 1907, a copy of which is of record in the Washington County, Virginia Circuit Court Clerk's Office in Book 53, at page 24 and to which reference is made for a more accurate description of the property herein conveyed, being the same property conveyed to Shirley Smith, by Edward Colley and Donna Colley, husband and wife, by Deed dated the 15th day of October, 2007 and recorded in the Washington County, Virginia Circuit Court Clerk's Office as Instrument Number 070008297.

Defendant TONY A. TRIVETTE has an interest in said real property. By virtue of the commission of the offenses charged in Count 3 above, by the defendants, TONY A. TRIVETTE, JACK L. TRIVETTE aka JACKIE TRIVETTE, and JULIE FRANCISCO, all right, title, and interest in the above-referenced properties are vested in the United States of America pursuant to 21 U.S.C. §853.

If, as the result of any act or omission of the defendants, TONY A. TRIVETTE, JACK L. TRIVETTE aka JACKIE TRIVETTE, and JULIE FRANCISCO, any of the property described above, (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold

to or deposited with a third party;  (3) has been placed beyond the jurisdiction of the Court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. §853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

[21 U.S.C. § 841(a)(1), 18 U.S.C. §2, and 21 U.S.C. § 853]

## COUNT 4

The Grand Jury further charges that on or about May 2, 2008, within the Eastern District of Tennessee, the defendant, JACK L. TRIVETTE aka JACKIE TRIVETTE, then being an unlawful user and addict of a controlled substance as defined in 21, U.S.C., §802, did knowingly possess in and affecting commerce, firearms, to wit:

- Ruger, Model Mark III, .22 caliber semi-automatic pistol;

- Ruger, Model Mark III 22/45, .22 caliber semi-automatic pistol;

- Browning, Model Buck Mark, .22 caliber semi-automatic pistol;

- Ruger, Model Single Six, .22 Magnum caliber revolver;

- Beretta, Model 418, .25 caliber semi-automatic pistol;

- Remington, Model 1100, 12 gauge semi-automatic shotgun;

- Harrington and Richardson, Model Topper 58, 12 gauge single shot shotgun;

- Remington, Model 597, .22 caliber semi-automatic rifle;

- Savage, Model 110, .270 caliber bolt-action rifle;

- Romanian, Model 6, .22 caliber bolt-action rifle;

- FIE, Model unknown, 20 gauge single shot shotgun;

16

- Winchester, Model 37, 16 gauge single shot shotgun;

- New England Firearms, Model Pardner SB1, 20 gauge single shot shotgun;

- Rossi, Model S41, .410 caliber shotgun;

- New England Firearms, Model Handi Rifle SB2, .243 caliber;

- Savage Arms, Model 110, 30-06 caliber bolt action rifle;

- Weatherby, Model Vanguard, 7mm Rem. Magnum bolt action rifle;

- Marlin, Model 925M, .22 caliber rifle;

- Ranger, Model 35-A, .22 caliber bolt action rifle.

[18 U.S.C. § 922(g)(3)]

## FORFEITURE ALLEGATIONS

The Grand Jury further charges that in committing the felony offense alleged in Count 4, above, which is fully incorporated herein, and upon conviction of the same, the defendant, JACK L. TRIVETTE aka JACKIE TRIVETTE, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), shall forfeit to the United States all firearms and ammunition involved and used in the knowing commission of the offense of Title 18, United States Code, Section 922(g)(3).

[18 U.S.C. §924(d)(1) and 28 U.S.C. § 2461(c)]

## COUNT 5

The Grand Jury further charges that on or about August 1, 2007,  in the Eastern District of Tennessee, the defendants, TONY A. TRIVETTE, JACK L. TRIVETTE aka JACKIE TRIVETTE, and JUSTIN N. FOLLIS aka NEIL FOLLIS, aided and abetted by each other, did knowingly, intentionally, and without authority, possess with the intent to distribute 50 grams or

17

more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§841(a)(1), 841(b)(1)(A), and 18 U.S.C. §2]

## COUNT 6

The Grand Jury further charges that from on or about August 27, 2007, to on or about August 31, 2007, in the Eastern District of Tennessee, the defendants, TONY A. TRIVETTE, JACK L. TRIVETTE aka JACKIE TRIVETTE, RAUL MADRIGAL-GUTIERREZ, ALMA CARDENAS-PULIDO, and other persons known and unknown to the Grand Jury, did knowingly, intentionally, and without authority, combine, conspire, confederate and agree with each other and with diverse others to commit the following offenses against the United States of America: Conducting and attempting to conduct a financial transaction affecting interstate commerce and foreign commerce, which transaction involved the proceeds of specified unlawful activity, that is the conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18 U.S.C. Section 1956(a)(1)(B)(ii).

[18 U.S.C. § 1956(h)]

## FORFEITURE ALLEGATIONS

The Grand Jury further charges that in committing the felony offense alleged in Count 6, above, which is fully incorporated herein, and upon conviction of the same, the defendants,

18

TONY A. TRIVETTE, JACK L. TRIVETTE aka JACKIE TRIVETTE, RAUL MADRIGAL-GUTIERREZ, ALMA CARDENAS-PULIDO, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the defendants' conspiracy to violate 18 U.S.C. § 1956 and all property traceable to such property, including but not limited to funds affected by financial transactions involving the proceeds of the defendants' conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine, in the Eastern District of Tennessee, to wit, approximately $15,000 in United States currency seized by the Tennessee Highway Patrol and the Drug Enforcement Administration on August 31, 2007, from the person of ALMA CARDENAS-PULIDO, during a traffic stop on Interstate 26 in Washington County, Tennessee.

If, as the result of any act or omission of the defendants, TONY A. TRIVETTE, JACK L. TRIVETTE aka JACKIE TRIVETTE, RAUL MADRIGAL-GUTIERREZ, ALMA CARDENAS-PULIDO, any of the property described above, (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to and deposited with a third party; (3) has been placed beyond the jurisdiction of the Court; (4) been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, the defendants shall forfeit any other property of the defendants up to the value of the property described above.

[18 U.S.C. §§ 1956(a)(1)(B)(ii) and (h), 982(a)(1), 982(b)(1) and 21 U.S.C. § 853(p)]

## COUNT 7

The Grand Jury further charges that on or about August 31, 2007, in the Eastern District of Tennessee, the defendants, JACK L. TRIVETTE aka JACKIE TRIVETTE, RAUL MADRIGAL-GUTIERREZ, and ALMA CARDENAS-PULIDO, did knowingly conduct and

attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is the conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

[18 U.S.C. § 1956(a)(1)(B)(ii)]

## FORFEITURE ALLEGATIONS

The Grand Jury further charges that in committing the felony offense alleged in Count 7, above, which is fully incorporated herein, and upon conviction of the same, the defendants, JACK L. TRIVETTE aka JACKIE TRIVETTE, RAUL MADRIGAL-GUTIERREZ, ALMA CARDENAS-PULIDO, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the defendants' violation of 18 U.S.C. § 1956 and all property traceable to such property, including but not limited to funds affected by financial transactions involving the proceeds of the defendants' conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine, in the Eastern District of Tennessee, to wit, approximately $15,000.00 United States currency seized by the Tennessee Highway Patrol and the Drug Enforcement Administration on August 31, 2007, from the person of ALMA CARDENAS-PULIDO, during a traffic stop on Interstate 26 in Washington County, Tennessee..

If, as the result of any act or omission of the defendants, JACK L. TRIVETTE aka JACKIE TRIVETTE, RAUL MADRIGAL-GUTIERREZ, ALMA CARDENAS-PULIDO, any

of the property described above, (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to and deposited with a third party; (3) has been placed beyond the jurisdiction of the Court; (4) been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, the defendants shall forfeit any other property of the defendants up to the value of the property described above.

[18 U.S.C. §§1956(a)(1)(B)(ii), 982(a)(1), 982(b)(1) and 21 U.S.C. § 853(p)]

## COUNT 8

The Grand Jury further charges that on or about May 10, 2005, and continuing to on or about May 26, 2005, in the Eastern District of Tennessee, the defendant, ROGER PHILLIPS, SR., did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, which transaction involved the proceeds of specified unlawful activity, that is the conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

[18 U.S.C. § 1956(a)(1)(B)(ii)]

## FORFEITURE ALLEGATIONS

The Grand Jury further charges that in committing the felony offense alleged in Count 8, above, which is fully incorporated herein, and upon conviction of the same, the defendant, ROGER PHILLIPS, SR., shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the defendant's violation of 18 U.S.C. § 1956 and all property traceable to such property, including but not limited to funds

21

affected by financial transactions involving the proceeds of the defendant's participation in a conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine, in the Eastern District of Tennessee, to wit, one 2005 Harley Davidson motorcycle  FLHTCSE 2 DOM**,** VIN 1HD1PKE185Y955925.

If, as the result of any act or omission of the defendant, ROGER PHILLIPS, SR., any of the property described above, (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to and deposited with a third party; (3) has been placed beyond the jurisdiction of the Court; (4) been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, the defendant shall forfeit any other property of the defendant up to the value of the property described above.

[18 U.S.C. §§ 1956(a)(1)(B)(ii), 982(a)(1), 982(b)(1) and 21 U.S.C. § 853(p)]

<u>COUNT 9</u>

The Grand Jury further charges that from on or about July 2007 and continuing to on or about April 2008, in the Eastern District of Tennessee, and elsewhere, the defendant, TONY A. TRIVETTE, did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

[18 U.S.C. § 1956(a)(1)(B)(i)]

<u>FORFEITURE ALLEGATIONS</u>

The Grand Jury further charges that in committing the felony offense alleged in Count 9, above, which is fully incorporated herein, and upon conviction of the same, the defendant TONY A. TRIVETTE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the defendant's violation of 18 U.S.C. § 1956 and all property traceable to such property, including but not limited to funds affected by financial transactions involving the proceeds of the defendant's participation in a conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine, in the Eastern District of Tennessee, to wit:

> All that lot or parcel of land, together with all buildings, improvements, fixtures, attachments and easements, and having a mailing address of **6011 Dishner Valley Road, Bristol, Virginia**, located in the Harrison Magisterial District of Washington County, Virginia and being Tract No. 1, containing 2.03 acres, more of less, according to plat entitled "PLAT OF SUBDIVISION EDWARD COLLEY PROPERTY," according to plat prepared by Joe B. Fugate, Jr., LS # 1907, a copy of which is of record in the Washington County, Virginia Circuit Court Clerk's Office in Book 53, at page 24 and to which reference is made for a more accurate description of the property herein conveyed, being the same property conveyed to Shirley Smith, by Edward Colley and Donna Colley, husband and wife, by Deed dated the 15th day of October, 2007 and recorded in the Washington County, Virginia Circuit Court Clerk's Office as Instrument Number 070008297.

> Defendant TONY A. TRIVETTE has an interest in said real property.

If, as the result of any act or omission of the defendant, TONY A. TRIVETTE, any of the property described above, (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to and deposited with a third party; (3) has been placed beyond the jurisdiction of the Court; (4) been substantially diminished in value; or (5) has been commingled

23

with other property which cannot be divided without difficulty, the defendant shall forfeit any

other property of the defendant up to the value of the property described above.

[18 U.S.C. §§ 1956(a)(1)(B)(i), 982(a)(1), 982(b)(1) and 21 U.S.C. § 853(p)]

A TRUE BILL:


*/s/ Foreperson*_____
FOREPERSON

APPROVED:

JAMES R. DEDRICK
UNITED STATES ATTORNEY

By:     */s/ Caryn L. Hebets*_____
CARYN L. HEBETS
ASSISTANT UNITED STATES ATTORNEY

24