UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
 )
V. ) No. 2:08-CR-38
 )
ROBERT MARK MCPHERSON )

**REPORT AND RECOMMENDATION**

The defendant, Robert McPherson, has filed a motion to dismiss the Fourth Superseding Indictment on the ground that the prosecution has violated the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. (Doc. 206). This motion been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on June 10, 2009.

Mr. McPherson was first named as a defendant in this case in the Second Superseding Indictment. He was arrested on October 1, 2008, and he has been held in pretrial detention since that time.

There was a Third Superseding Indictment, and then a fourth, the latter being filed on December 9, 2008.

In his motion, defendant argues that he should have been tried within seventy days of the filings of the Third or Fourth Superseding Indictments,[1] but he was not, as a result of

---

[1]Defendant apparently believes he was first indicted in the Third Superseding Indictment; as noted, he was indicted in the second. Regardless of the indictment in which he was first

which the Fourth Superseding Indictment filed against him should be dismissed.

No trial date was set for this case because a number of defendants remained at large and had not been brought before the court. As time has passed, of course, one defendant after another was arrested, and the number of outstanding defendants continually decreased. At the present time, two defendants remain at large.

Section 3161(h)(6) of the Speedy Trial Act provides that "[a] reasonable period of delay [shall be excluded in computing the time within which trial must commence] when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." This defendant, as already noted, has not filed a motion for severance; indeed, no other defendant has filed a motion for severance based on Speedy Trial considerations.

An argument could be made that Speedy Trial time begins to run as to a particular defendant even if that defendant has not filed a motion to sever his trial from that of an absent defendant; after all, § 3161(h)(6) refers to a *reasonable* period of delay. *See, United States v. Mayes*, 917 F.2d 457, 460 (10th Cir. 1990). Stated another way, a delay could become unreasonable even in the absence of a motion to sever.

The Eleventh Circuit Court of Appeals, after noting that a reasonable period of time pending apprehension of indicted co-defendants may be excluded from Speedy Trial computation for a defendant already before the court, has held that a period of eight months

---

charged, the issue remains the same.

and ten days to permit apprehension of a co-defendant was reasonable; *United States v. Tobin*, 840 F.2d 867, 869 (11th Cir. 1988).

In *Barker v. Wingo*,[2] the Supreme Court held (1) the right to a speedy trial is more vague than other constitutional rights and cannot be quantified into a specified number of days or months, and (2) a defendant's claim that he has been denied a speedy trial is subject to a balancing test, in which the conduct of both the prosecution and the defendant are weighed. The factors to be considered are (1) the length of delay, (2) the reason for that delay, (3) whether the defendant asserted his right to a speedy trial, and (4) any prejudice to the defendant. Each case must be decided on an *ad hoc* basis.[3]

The Supreme Court went on to state as follows:

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.

*Id.,* 530.

In a footnote to *Doggett v. United States,*[4] the Supreme Court held that "[d]epending on the nature of the charges, the lower courts have generally found post-accusation delay 'presumptively prejudicial' at least as it approaches one year."

It should be noted at this juncture that "presumptively prejudicial" does not in any

---

[2]407 U.S. 514.

[3]*Barker*, 407 U.S. at 530.

[4]505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).

way shift the burden of proof from the defendant to the government, or create a presumption (in the usual sense) which the government must rebut. Rather, by "presumptively prejudicial," the Supreme Court was referring to the "triggering mechanism" of the first factor, *viz*, the length of the delay. If the delay is not "presumptively prejudicial," the court must not inquire into the remaining three factors. In other words, if the delay is not "presumptively prejudicial," then by definition there is no speedy trial violation. On the other hand, if the delay is presumptively prejudicial, the court must go on to analyze the case under the remaining three factors of *Barker* to determine if there was a speedy trial violation. *Doggett, supra,* 120 L.Ed.2d at 528. *See, United States v. Graham,* 128 F.3d 372, 374 (6th Cir. 1997)[5]; *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996).[6]

As far as determining the "length of delay," the time begins running when an indictment is returned, or when a sealed indictment is unsealed, or when he is arrested:

> We conclude . . . that the speedy trial right under the Sixth Amendment attaches not when a sealed indictment is filed but when it is unsealed (or when the Government arrests the defendant or otherwise apprises him of the charges against him.)

---

[5] "The first factor acts as a triggering mechanism. If the length of the delay is not so long as to give rise to a presumption of prejudice, the other factors need not be considered."

[6] It is possible for a delay to be so inordinately long that a defendant should be excused from the requirement of proving prejudice; such was the situation in *Doggett, supra*, in which the delay was eight and one-half years. However, absent such an extreme delay, a defendant must demonstrate particularized prejudice. E.g., in *United States v. Clark*, 83 F.3d 1350, 1354 (11th Cir. 1996), a fourteen-month delay was held to be not to be long enough to excuse the defendant from proving actual prejudice. The facts now before this Court are, of course, closer to those in *Clark*.

4

*United States v. Watson,* 599 F.2d 1149 (2nd Cir. 1979).[7]

Defendant was arrested after the indictment was unsealed; thus, for purposes of an analysis under *Barker*, the time began running on the date of his initial appearance, October 9, 2008. As the footnote to the *Doggett* opinion noted, a post-accusation delay is "presumptively prejudicial" at least *as it approaches* one year, depending upon the nature of the charges. The delay here, of course, has been nine months, and is attributable to the United States' efforts to find and arrest all the indicted defendants. That does not "approach" one year so as to trigger the presumption of prejudice. *See, United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007). Nevertheless, for purposes of this report it will be assumed that the requisite length of time was exceeded and that the three remaining factors under *Barker* therefore should be considered:

*LENGTH OF DELAY:* A delay of nine months is far less than the one year referenced by the Supreme Court in *Doggett,* two months less than the time the Eleventh Circuit held was not unreasonable during which the prosecution is attempting to find co-defendants.

*REASON FOR THE DELAY*: The reason, of course, is evident from the preceding discussion. Two defendants remain outstanding, notwithstanding the diligent efforts of the United States Marshals Service to locate and arrest those defendants. The delay was in no way attributable to a desire by the United States to obtain a tactical advantage over any

---

[7]*See also,* n. 5, at 1156.

defendant.

*DEFENDANT'S ASSERTION OF HIS RIGHT TO A SPEEDY TRIAL*: Defendant has not asserted his right to a Speedy Trial until the filing of the instant motion.

*PREJUDICE TO THE DEFENDANT*: There has been no showing of actual prejudice to this defendant as far as defending himself against the charges in the indictment.

The length of defendant's pretrial detention is now of some concern to the court, but it has not been so long to be presumptively prejudicial under *Barker* or *Gardner*, *supra*.

It is recommended that this court should deny defendant's motion to dismiss on Speedy Trial Act grounds.[8]

Respectfully submitted,

        s/ Dennis H. Inman
   United States Magistrate Judge

---

[8] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).