IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.                    Docket No.: 2:08CR00038

ROBERT MARK McPHERSON

## SENTENCING MEMORANDUM

The defendant, Robert Mark McPherson, by counsel, files the following sentencing memorandum on his behalf:

Robert Mark McPherson entered a plea of guilty to the charge of Conspiracy to Distribute and Possession with Intent to Distribute 5 grams or More of Methamphetamine, in violation of Title 21 U.S.C. Section 846 and 841(b)(1)(B); Class B Felony (lessor included offense). The offense carries a minimum mandatory 5-40 years imprisonment. Mr. McPherson's plea was instrumental to the Government's case against his co-defendants.

A Pre-Sentence Investigation Report was completed and filed on December 14, 2009 by U.S.P.O. Nathan T. Wolfe. Neither the Government nor the defendant has filed objections to said report. Mr. McPherson's sentencing is set before this Court for January 15, 2010. Mr. McPherson requests that in light of the totality of the circumstances, that this Court consider a downward departure from the sentencing guidelines.

The Court must consider Title 18 U.S.C. 3553 in terms of imposition of sentence. However, so long as such statutory mandates are complied with, said sentence is in the discretion of the trial court. **Booker v. United States**, **543 U.S. 220, (2005).** Sentencing guidelines are advisory and are not meant to bind the common sense of the Trial Court with respect to a departure or a variance in consideration of the factors stated in Title 28 U.S.C. 3553 (a). See, **U.S. v. Chase, 560 F.3d 828 (8th Cir 2009)** – advanced age, military service, health issues, and employment history could all warrant a downward variance under 3553(a); **U.S v. Howe, 543 F.3d 128 (3d Cir. 2008)** (affirming two years probation with 3 months house arrest for wire fraud despite a guideline range of 18-24 months).

In this instance, this was a victimless crime. Mr. McPherson was caught up in the actions of others to support his own addiction. That much is clear. No innocent person suffered physical or pecuniary harm because Mark McPherson and others took the "red tub" identified by the United States in this case. The individuals who owned and filled the "red tub" are much more culpable than Mr. McPherson than he and his wife. Those individuals are also going to be sentenced by this Court.

Mark McPherson is a methamphetamine addict. He has used and abused this horrific drug since 1985. His very lengthy pretrial detention has probably saved his life. He desperately needs this Court's drug abuse program. Please see the attached letters from Mr. McPherson's family members.

Mark McPherson is not a typical drug dealer. He does not abuse alcohol, to our knowledge, information or belief. His only tie is a loose tie to the Trivette clan,

where he obtained the methamphetamine to help him go about his daily life.

Such wound him up where he is currently held. He is a user and an abuser. He has been for the past 25 years. Day in, day out. A user. He needs this Court's drug abuser program in the most desperate way possible.

Based upon the totality of the circumstances, the undersigned moves for a downward departure from the sentencing guidelines and for Mr. McPherson to be sentenced to no more than the mandatory minimum for this offense. Such would benefit the underlying intent of the Guidelines and the intent of the policy statements and amendments of the Federal Sentencing Commission. Additionally, as such is within the discretion of this Court, such would benefit those who would later come before the Court on sentencing for similar events that have similar histories to Mr. McPherson. Mr. McPherson is not a drug dealer. He is a drug user. Such is the evidence before the Court. He is simply an addict who got caught up in the scheme established by the others before this Court.

Mr. McPherson's sentencing guidelines call for a term of 63 to 78 months. The mandatory minimum for this offense is 60 months. The undersigned accordingly pleas for a sentence of no more than 60 months based upon the guidelines.

The Court has ample justification for a downward departure from the guidelines in this instance and the defendant so requests.

**ROBERT MARK McPHERSON**

**By Counsel**

/s/Robert B. Dickert
P. O. Box 872
Abingdon, VA 24212
 (276) 525-1640
rbdickert@yahoo.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 12th day of January, 2010, I electronically filed the foregoing Sentencing Memorandum, and attachments, with the Clerk of this Court using the CM/ECF system which will send notification of such filing to all other interested parties and have sent via regular mail to Nathan T. Wolfe, 220 West Depot Street, Suite 338, Greenville, TN 37743.

                                          /s/Robert B. Dickert