UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:08-CR-38 |
| | ) JUDGE JORDAN |
| ROBERT MARK MCPHERSON | ) |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Robert Mark McPherson, and the defendant admits that he has violated the conditions of his supervised release. An agreement has been reached between the parties, recommending that Mr. McPherson's supervised release should be revoked and that he should receive a sentence of six (6) months imprisonment followed by three (3) years of supervised release. All previously imposed general, standard and special conditions shall continue to apply with the addition of the following special condition:

> The defendant shall submit his or her person, property, house, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Mr. McPherson agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that he is giving up the following rights:

(1) The right to the assistance of counsel for his defense.

(2) The right to see and hear all the witnesses and have them cross-examined in his defense.

(3) The right on his own part not to testify unless he chose to do so in his defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on his behalf.

Mr. McPherson stipulates to the following violations that can be proven by the government by a preponderance of the evidence:

(1) **General Condition:** The defendant shall not commit another federal, state or local crime.

(2) **Standard Condition No. 7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, except as prescribed by a physician.

(3) **Standard Condition No. 11:** The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

On July 7, 2015, Mr. McPherson was charged with Public Intoxication in Sullivan County, Tennessee. Police records indicate officers were dispatched to Dail Street in reference to a disturbance call. Mr. McPherson was found in the middle of the road arguing with his girlfriend, allegedly causing a disturbance. Upon officers speaking to Mr. McPherson, he was alleged to have a strong odor of alcoholic beverage on his person and breath. Also, Mr. McPherson was unsteady on his feet and had a complete lack of coordination. Mr. McPherson was ordered to go into his residence, and he would not comply with that order. It was determined Mr. McPherson could not adequately care for himself and would be a danger to himself and the general public, so he was placed under arrest for Public Intoxication. Mr. McPherson was released on $250.00 bond.

On July 16, 2015, the probation officer learned of the new arrest through a random records check. On July 17, 2015, Mr. McPherson reported to the probation office. Mr. McPherson did not report his arrest in a timely manner, and when questioned, he indicated he thought he only had to report the conduct on his monthly reporting from. Mr. McPherson admitted to drinking heavily on the night of the incident. Mr. McPherson denied having an alcohol dependence or problem, and he declined needing any treatment on this date.

On November 5, 2015, Mr McPherson pled guilty to public intoxication in Sullivan County General Sessions Court Docket Number RK-39186 in Kingsport, Tennessee.

(4) **General Condition:** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

(5) **Standard Condition No. 3:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

(6) **Standard Condition No. 7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, except as prescribed by a physician.

(7) **Standard Condition No. 8:** The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

(8) **Standard Condition No. 9:** The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

On November 6, 2015, Mr. McPherson completed a random drug screen which tested presumptive positive for methamphetamine and marijuana. Mr. McPherson initially denied any illegal substance usage to the probation officer; however, he later admitted to smoking marijuana on November 5, 2015. On November 20, 2015, Mr. McPherson again denied any methamphetamine usage. He was instructed to report to the office on November 23, 2015. On November 23, 2015, Mr. McPherson submitted a urine sample, which was presumptively positive for methamphetamine. Mr. McPherson denied any usage of methamphetamine again on this date. The lab confirmed separate usage of Methamphetamine in both samples submitted for the month of November 2015.

Based on the above conduct, the offender appears to be in violation of Title 21 U.S.C. §841 (a)(1)(E). On the dates of November 6, 20, and 23, 2015, Mr. McPherson stated to the probation office he had not used methamphetamine. The offender provided false information when answering these questions and appears to be in violation of Title 18 U.S.C. §1001.

On November 30, 2015, Mr. McPherson attended a substance abuse treatment appointment with Comprehensive Community Services. On this date he still denied any methamphetamine consumption; however, he did admit to the counselor to being present with other that were consuming methamphetamine.

3

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above when grouped constitute Grade B violations for which an advisory guideline range of 6 to 12 months would apply given his Criminal History Category II. The Court has considered these advisory guideline ranges. The Court has also considered the statutory maximum of 36 months imprisonment. The Court has also considered the factors listed in 18 U.S.C. § 3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that he committed the violations alleged in the petition for warrant for offender under supervision.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. § 3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to six (6) months imprisonment followed by three (3) years of supervised release. All previously imposed general, standard and special conditions shall continue to apply with the addition of the following special condition:

> The defendant shall submit his or her person, property, house, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

4

It is recommended that the Bureau of Prisons designate the defendant to FCI Manchester, Kentucky.

*[signature]*
Honorable R. Leon Jordan
United States District Judge

APPROVED FOR ENTRY:

*[signature]*
Robert M. Reeves
Assistant U.S. Attorney

*[signature]*
Robert Mark McPherson
Defendant

*[signature]*
Pamela Higgins
U.S. Probation Officer

*[signature]*
Tim S. Moore
Attorney for Defendant

5